IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                             CRIMINAL NO. 2:24-cr-00063

JOHN H. WELLFORD III

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by Holly J. Wilson, Assistant United States Attorney, and submits this Sentencing Memorandum requesting that this Court impose a within-Guidelines sentence that includes a term of imprisonment for defendant John H. Wellford III ("Wellford").

### INTRODUCTION

On May 1, 2024, Wellford pled guilty to falsification of records in bankruptcy in violation of 18 U.S.C. § 1519. PSR ¶ 2. The United States has no outstanding objections to the Presentence Investigation Report ("PSR"). The Probation Officer correctly calculated the total offense to be 10. PSR ¶ 38. Wellford is in criminal history category I, and his advisory guideline range is six to twelve months' imprisonment. PSR ¶¶ 44, 64.

### AVAILABLE SENTENCES

Wellford's total offense level falls within Zone B of the Sentencing Table. Zone B sentences may be satisfied by (1) a sentence of imprisonment; (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or

combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in subsection (e). U.S.S.G. § 5C1.1(c).

## SENTENCING RECOMMENDATION

The nature and seriousness of the offense, the need for deterrence, and Wellford's personal characteristics all justify a within-Guidelines sentence. Wellford should be ordered to pay $925,326.43 of restitution to the Bankruptcy Estate of Corotoman, Inc., consistent with the PSR.

Wellford's crime is a serious one. In the year leading up to his company's, Corotoman Inc.'s ("Corotoman"), bankruptcy, Wellford split up and laundered nearly $2,000,000 to hide it from creditors and use it to his own benefit. Then, Wellford concealed one of those transfers from the Bankruptcy Court, his creditors, and the trustees: a $925,326.43 transfer from Corotoman to Marsh Fork Development Company ("Marsh Fork"), Wellford's coal company.

In April 2018, Corotoman received an unusual and large influx of funds, a $1,978,707.40 check from American Electric Power. PSR ¶ 10. Corotoman was struggling financially at that time, and several of its creditors, including the Water Development Authority, were attempting to collect on outstanding debt obligations. PSR ¶ 9. Wellford did not want Corotoman's creditors to have access to the American Electric Power money. PSR ¶ 12. So, within a month, he transferred it all out of Corotoman's control. PSR ¶¶ 9-12. He paid approximately half of the money to an insider-creditor, and he transferred the other half, $925,326.43, to his coal company, Marsh Fork. PSR ¶ 10. He then laundered $680,000 of the $925,326.43 transferred to Marsh Fork through his attorney's trust account to further obscure its source. In total, he structured twenty-nine payments back to himself in a five-month period. PSR ¶ 11.

Six months after he had washed the last of the $680,000 through his attorney's trust account, Wellford filed for bankruptcy on behalf of Corotoman. PSR ¶ 14. In the bankruptcy schedules, Wellford did not disclose either the payments to the insider or the $925,326.43 payment

from Corotoman to Marsh Fork. PSR ¶¶ 15-16. He continued to hide the $925,326.43 payment throughout the bankruptcy proceeding—denying its existence during the 341 Hearing and refusing to disclose it even when he amended his schedules to account for the payments to the insider. PSR ¶¶ 15-16.

Wellford went to great lengths to carry out this crime of deception. Each transfer was a deliberate act of duplicity, and there are more than thirty of them. Each failure to disclose was an act of dishonesty. The forethought involved makes Wellford's conduct very serious.

Further, there is an acute need for deterrence in bankruptcy fraud cases such as this one. "Bankruptcy fraud undermines the whole concept of allowing a debtor to obtain protection from creditors, pay debts in accord with a debtor's ability, and thereby obtain a fresh start. When a debtor frustrates those objectives . . . , the debtor works a fraud on the entirety of the proceeding." *United States v. Messner*, 107 F.3d 1448, 1457 (10th Cir. 1997). This "strongly supports increasing the perpetrator's sentence for committing fraud on the very source of his financial refuge and salvation." *Id.*; *see also United States v. Kubick*, 205 F.3d 1117, 1124 (9th Cir. 1999) (noting that "there is no more basic a command than to come clean and truthfully declare all assets and liabilities in bankruptcy. Not to do so violates the heart of the process"); *cf. Diorio v. Kreisler–Borg Constr. Co.*, 407 F.2d 1330, 1331 (2d Cir. 1969) ("Successful administration of the Bankruptcy Act hangs heavily on the veracity of statements made by the bankrupt. Statements called for in the schedules, or made under oath in answer to questions propounded during the bankrupt's examination or otherwise, must be regarded as serious business . . . .") (citations omitted). A sentence of imprisonment would recognize the importance of protecting the integrity of the bankruptcy system and send a message to all those who enter the Bankruptcy Court's doors: debtors must obey the law, lest they face severe consequences.

The limited number of bankruptcy fraud prosecutions also heightens the need for deterrence. During 2023, 870 separate cases were filed in the Bankruptcy Court for the Southern District of West Virginia. In that period, the United States Attorney's Office for the Southern District of West Virginia obtained only one bankruptcy fraud conviction. Because the number of bankruptcy cases with undetected fraud is obviously unknown,[1] it is vital for the United States to gain the maximum deterrent effect from those cases that are prosecuted.

Finally, Wellford's personal characteristics make him an appropriate candidate for a sentence that includes a short period of incarceration. Wellford is a 73-year-old man in average physical condition. PSR ¶ 52. He had a pleasant childhood in West Virginia, and later, he obtained higher education, attending West Virginia University and obtaining a bachelor's degree in economics and accounting. PSR ¶ 57. Wellford's education level, stable home life, and regular employment make his crime intolerable. Simply, he should have known better, and he should have done better.

Even so, Wellford has accepted responsibility for his conduct, as evidenced by his waiver of indictment, signed plea agreement, guilty plea, and cooperation with the United States Probation Office. The government is satisfied with Wellford's cooperation during its investigation and resolution of this case. Additionally, the United States does not believe that Wellford poses any risk to the community.

---

[1] But note, the United States Trustee Program made 2,104 bankruptcy and bankruptcy-related criminal referrals during Fiscal Year (FY) 2022. United States Department of Justice Executive Office for United States Trustees, Report to Congress: Criminal Referrals by the United States Trustee Program Fiscal Year 2022 (June 2023), https://www.justice.gov/d9/pages/attachments/2023/08/03/criminal_report_fy2022.pdf.

## **CONCLUSION**

For the foregoing reasons, a within-Guidelines sentence is sufficient but not greater than necessary to meet the aims of sentencing. Restitution should also be ordered consistent with the PSR. The United States does not intend to call any witnesses during the sentencing hearing.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:

/s/Holly J. Wilson
HOLLY J. WILSON
Assistant United States Attorney
WV State Bar No. 13060
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: holly.wilson@usdoj.gov