IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                  CASE NO. 2:24-CR-63
                                  HONORABLE JOHN T. COPENHAVER, JR.

JOHN H. WELLFORD, III,

    Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

John H. Wellford, III, by counsel, submits this memorandum to address the sentencing factors in 18 U.S.C 3553(a).

The Court must initially correctly calculate and apply the U.S. Sentencing Guidelines (USSG) to the case. As shown in the Presentence Report (PSR), the Probation Officer has calculated the offense level to be at level 14 and Defendant's criminal history score be one (1). The Probation Officer has allowed a two-level reduction for acceptance of responsibility, and Defendant agreed in the plea agreement that the offense is level is 14, and the government has not objected to the resulting four level downward adjustment. Therefore, all agree that the final offense level is 10. These computations are supported by the Stipulation of Facts, setting forth the essential facts necessary to Defendant's guilty plea. The resulting range of imprisonment is 6 to 12 months. There is no dispute over these USSG calculations.

A final offense level of 10 falls with Zone B of the sentencing table and so the Court may impose a sentence of probation, with conditions. Defendant urges the Court to do just that. The following addresses the remaining factors under Section 3553(a).

1

### §3553(a)(1): Nature and circumstances of the offense; history and characteristics of the Defendant

The offense was a simple financial crime that Defendant committed within a broader context of complex financial claims, counterclaims and while attempting to negotiate those other claims. The victim of this offense is the Corotoman bankruptcy estate. The Corotoman bankruptcy remains pending. The agencies (public and/or quasi-public state agencies) advanced claims against Corotoman (and Mr. Wellford) through adversary proceedings. Corotoman and Mr. Wellford entered settlements with those adverse parties by agreeing to pay $2,800,000.00 and further agreeing that neither Corotoman nor Defendant could ever discharge in bankruptcy the settlement amount of $2,800,000.00. Defendant also agreed, in the plea agreement, that he owes restitution to the Corotoman bankruptcy estate in the amount of $925,326.43, and he agreed to undertake best efforts to pay that sum.

Mr. Wellford understands that the false statement constitutes harm to the integrity and proper functioning of the Bankruptcy Court, and so is a serious felony offense, which caused financial injury to the estate. On the other hand, the offense did not involve any violence, threats, firearms or illegal drugs. No actual, natural person has been harmed by his conduct.

The offender. The history and characteristics of Mr. Wellford show that he has been a responsible, law-abiding man, who is a true first-time offender. This at the age of 73. He will turn 74 next week (9/9/2024). He is educated and in good physical health, although he has, and continues to, suffer chronic depression. He has no history of substance abuse or criminal conduct. He is within that class of offenders least likely to commit any further offense. Mr. Wellford has been married to his wife 36 years, and together they have lived in the same Charleston home for over 30 years. He has always worked and has been gainfully employed. He has engaged in real

estate development and the coal industry. He and Mrs. Wellford have raised two educated sons: successful men now in their 30's. He provided a stable and positive life for his sons and wife.

John Wellford's true character is best revealed in the heartfelt letters to the Court, which singly and as a collection manifest the writers' love, respect and admiration for him. He is kind. He has been generous with his time, skills, work and money. The letter writers include people who have known John for decades, who are community leaders, professionals and younger people whom John helped through hard times, dealing with emotional and financial problems. He gave of himself to guide and teach the younger writers through many acts of love. The letters portray John's true character. Note the numerous instances in which he, without being asked, gave of himself to help a person in need. Not only did he take the initiative to help a person in need, but John did not seek to broadcast the many times when he quietly just helped someone. And he did so with no expectation of payment, personal gain or acknowledgment. The acts described in the letters prove John is generous of spirit. The help, aid and guidance he freely gave show that he acted from a foundation of love for his fellow beings; to love his neighbors, to try to lift them up.

### §3553(a)(2): The need for this sentence imposed.

§3553(a)(2)(A) - To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Defendant urges the Court to sentence him to a term of probation with conditions including home confinement, community service, and restitution of $925,326.43. Convicted of the crime, and as a felon, Defendant will suffer and endure the scorn and opprobrium of long-time friends and associates in his hometown and in the region's business community. For Mr. Wellford, he will be known (probably for the remainder of his days on Earth) as a dishonest cheat. The extra-judicial consequences of his crime add a meaningful extra quantum of punishment. His financial prospects going forward are extremely poor, both as a convicted felon

and as a man whose future income must be paid as restitution. Mr. Wellford also endures the shame and embarrassment he has caused to Mrs. Wellford, his sons, and his extended family.

Combined, a sentence of probation with conditions, restitution, community service and shame will alter the remainder of his natural life, and so will constitute ample punishment that reflects the seriousness of the offense, promotes respect for the law and provides just punishment.

§3553(a)(2)(B) - To afford adequate deterrence to criminal conduct, counsel submits that Defendant's conviction of a felony and the sentence we propose will afford more than adequate deterrence to others.

§3553(a)(2)(C)- To protect the public from further crimes of Defendant. This Defendant is not likely to commit any further crimes. Again, as a true first-time offender guilty of a financial crime, data prove he is in that class of defendants least likely to re-offend. Additionally, his conduct will be, must be, circumspect and limited, while under supervision, complying with the Probation Officer's dictates and the many standard and special conditions of probation.

§3553(a)(2)(D) - To provide for education, vocational training, medical care or other correctional treatment. Mr. Wellford earned a bachelor's degree followed by decades of practical learning while in business. His depression needs to be attended to but will not be helped by treatment while incarcerated. Mr. Wellford is not the type of offender who would benefit from any of the correctional programs referenced in sub-section (a)(2)(D).

### §3553(a)(3): The kind of sentences available.

These include probation with conditions up to 12 months in prison followed by 3 years of supervised release.

### §3553(a)(4): The kind of sentences available and the sentencing range established by the Sentencing Guidelines.

As discussed above, the final offense level is ten (10), which provides a range of probation

of not less than one (1) nor more than five (5) years, up to a sentence of twelve (12) months in prison followed by three (3) years of supervised release.

### §3553(a)(6): The need to avoid unwarranted sentencing disparities.

It appears the Sentencing Commission lacks sufficient data for meaningful comparison to this Defendant. The probation sentence proposed by Defendant does not appear to manifest any sentencing disparity.

### §3553(a)(7): The need to provide restitution.

Restitution will be advanced by a probation sentence. If imprisoned for twelve (12) months, Defendant will pay only $300 in restitution ($25 per month from prison pay). If sentenced to probation, he could pay much more. For example, the Probation Officer has suggested Defendant pay $1,000 per month, which is roughly 25% of his monthly Social Security retirement benefit. So, for the first twelve (12) months of his sentence Defendant may pay $300 or, as suggested by Ms. Wade, $12,000. Restitution will be fostered by probation. Moreover, if sentenced to probation, Mr. Wellford would have the opportunity to promptly commence efforts to work and plan how to pay – if possible – additional sums toward restitution.

## CONCLUSION

John Wellford is a kind and generous man. He has spent his life working and creating businesses that provided jobs and services to many people and contributed to the general improvement of our community. Now entering into the latter stage of his life, our proposed sentence will comply with the statutes and policies governing federal sentencing: that require the Court to impose a sentence 'sufficient but not greater than' necessary to serve the rule of Section 3553.

**JOHN H. WELLFORD, III**

**BY COUNSEL**

| | |
|---|---|
| */s/ S. Benjamin Bryant* <br> S. Benjamin Bryant, WVSB No. 520 <br> PO Box 1104 <br> Charleston, WV 25045 <br> (304) 590-4766 <br> ben@bryantlawwv.com | John A. Kessler, WVSP No. 2027 <br> Carey, Douglas, Kessler & Ruby, PLLC <br> PO Box 520 <br> Charleston, WV 25323 <br> (304) 342-1234 <br> jakessler@csdlawfirm.com |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**CASE NO. 2:24-CR-63**
**HONORABLE JOHN T. COPENHAVER, JR.**

**JOHN H. WELLFORD, III**

**Defendant.**

## CERTIFICATE OF SERVICE

I hereby certify on the 28th day of August 2024, I electronically filed the foregoing *Defendant's Sentencing Memorandum* with the Clerk of the Court via the CM/ECF system which will send notification to the following:

Holly J. Wilson
United States Attorney's Office
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
Holly.wilson@usdoj.gov
*Counsel for the United States of America*

Martin P. Sheehan, Esq.
Sheehan & Associates, PLLC
1140 Main Street, Suite 333
Wheeling, WV 26003
sheehanbankruptcy@wvdsl.net
*Counsel for Trustee of the Bankruptcy Estate of Corotoman, Inc.*

/s/ *S. Benjamin Bryant*
S. Benjamin Bryant, WV State Bar No. 520
John A. Kessler, WV State Bar No. 2027