**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                                      **CRIMINAL NO. 2:24-cr-00063**

**JOHN H. WELLFORD III**

**UNITED STATES' RESPONSE TO
TRUSTEE'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIAL**

Comes now the United States of America, by Holly J. Wilson, Assistant United States Attorney, and submits this Response to Trustee Martin P. Sheehan's Motion for Disclosure of Grand Jury Material, ECF No. 26 ("Motion for Disclosure"). For the reasons set forth below, the motion should be denied.

**BACKGROUND**

On August 27, 2024, Trustee Sheehan filed the Motion for Disclosure as a third party to the above captioned case.  The Motion for Disclosure requests that the Court order the United States to provide Trustee Sheehan with bank records obtained pursuant to Grand Jury subpoenas. *See* Mot. for Disclosure. Trustee Sheehan claims that he is entitled to the records because they *might* be the only available copies and because Trustee Sheehan "may be able to use such records as are available to recover some additional sums from others." *Id.* at ¶¶ 8, 11.

Trustee Sheehan did not confer with the United States prior to filing the Motion for Disclosure.

The Court ordered the United States to respond.

1

## DISCUSSION

Pursuant to Fed. R. Crim. P. 6(e)(3)(E), the Court may order disclosure of a grand-jury matter to a third party only in limited circumstances. As relevant here, the Court may order disclosure where the grand-jury matter is "preliminary to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i); *see also* Fed. R. Crim P. 6(e)(3)(A) (outlining exceptions to general rule of nondisclosure); Fed. R. Crim P. 6(e)(3)(E)(ii)-(iii) (outlining circumstances for Court authorized disclosure on motion of the United States or the defendant). "Documents . . . are 'grand jury matters' which come within Rule 6's prohibition against disclosure." *In re White Ins. & Assocs., Inc.*, 2023 WL 7092515, at *3 (S.D.W. Va. Oct. 26, 2023) (Copenhaver, J.).

To obtain disclosure in this circumstance, a party seeking disclosure of grand jury materials must show that disclosure "is being sought 'preliminarily to or in connection with a judicial proceeding'" and "that a particularized need exists for the materials sought." *Id.* at *6. "The focus [of the judicial proceeding inquiry] is on the actual use to be made of the material. If the primary purpose of disclosure is not to assist in preparation or conduct of a judicial proceeding, disclosure . . . is not permitted." *Id.* at *7 (quoting *United States v. Baggot*, 463 U.S. 476, 480 (1983)) (Copenhaver, J.). A petitioner demonstrates a "particularized need" by proving that "(1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." *United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007).

Trustee Sheehan has failed to meet his burden entirely.  First, Trustee Sheehan has failed to show that disclosure is being sought "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). He tersely alleges that the primary purpose of the

records would be to assist him in recovering "additional sums from others." Motion for Disclosure at ¶ 11. Trustee Sheehan has not explained how recovering "additional sums from others" would necessarily be conducted as part of or in preparation for a judicial proceeding, and conceivably, this process would occur entirely extrajudicially. *See In re White Ins. & Assocs., Inc.*, 2023 WL 7092515 at *7 (finding that extrajudicial use of grand jury records was insufficient to show that records sought would be used in connection with a judicial proceeding). To the extent that recovery from others would require future legal action, that is entirely speculative.

Second, Trustee Sheehan has failed to show that he has a particularized need. While he claims that "bank records are typically available only for five years," he has not disclosed what efforts he has taken to obtain the sought-after bank records or to confirm that they are unavailable. Motion for Disclosure at ¶¶ 7-8. Most obviously, Trustee Sheehan has not stated whether he has even asked Defendant John Wellford—who is obligated pursuant to a plea agreement to cooperate with the United States and who is still under the authority of the Bankruptcy Court—for bank account records. Additionally, Trustee Sheehan has not explained how disclosure would avoid an injustice in the bankruptcy proceeding, nor has he offered any justification for why the need for disclosure is greater than the need for secrecy. He also has not stated what records are desired with any specificity.

Simply, Trustee Sheehan asks for the records because they *might* help him later. This is not enough. *See, e.g.*, *In re White Ins. & Assocs., Inc.*, 2023 WL 7092515 at *8 (finding that petitioner had failed to establish a particularized need where it did not make an "allegation or elaboration on what the potentiality [of relevance] may be or to what issue it relates") (Copenhaver, J.).

3

## **CONCLUSION**

For the foregoing reasons, the Motion for Disclosure should be denied.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:

/s/Holly J. Wilson
HOLLY J. WILSON
Assistant United States Attorney
WV State Bar No. 13060
300 Virginia Street, East, Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
E-mail: holly.wilson@usdoj.gov

4